# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

DARRELL DICKEY,

    Plaintiff,

     v.

GC SERVICES, LP,

    Defendant.

## COMPLAINT

DARRELL DICKEY ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in

controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Colorado and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Burlington, Colorado 80807.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant, GC Services, LP, is a debt collector with its principal place of business located at 6330 Gulfton Drive, Houston, Texas 77081.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), as it sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant was attempting to collect a consumer debt from Plaintiff.

12. The alleged debt, a Sallie Mae private student loan, arose out of transactions, which were primarily for personal, family, or household purposes.

13. Beginning in or around August 2013, and continuing through September 2013, Defendant contacted Plaintiff on his cellular telephone in its attempts to collect the alleged debt.

14. On one occasion when Plaintiff answered Defendant's call, Defendant advised Plaintiff that he owed $6,500.00 and demanded that Plaintiff pay half the debt that day or that it would take him to Court.

15. Plaintiff explained to Defendant that after paying rent, medical bills, and a federal student loan, he did not have any money to pay the alleged debt.

16. Defendant, possessing no information to contradict Plaintiff's statements about his current financial situation, reiterated its demand that he

pay half the alleged debt that day or that it intended to take him to Court.

17. At the time Defendant threatened to take Plaintiff to Court, it did not intend to take the action it threatened; rather, upon information and belief, it made such threats, believing that it would cause Plaintiff to make a payment on the debt or agree to set up a payment plan in order to avoid legal action.

18. Thereafter, despite knowing that Plaintiff did not have the financial means to pay the alleged debt, Defendant persisted in its attempts to collect a debt by continuing to call Plaintiff on his cellular telephone.

19. Then, in September 2013, Plaintiff told Defendant to stop calling him, that he disputed owing the amount it sought to collect, and to send him proof of the amount of the debt in writing.

20. Acting with the intent to abuse and harass Plaintiff, Defendant hung-up on him before acknowledging his communications to stop the calls, his dispute of the debt and/or his request for information about the amount of the debt.

21. Lastly, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written correspondence advising him of his rights to dispute the debt and/or request verification of the debt, as well as providing him with information about the amount of the debt and

the name of the current creditor.

22. Most recently, Defendant contacted Plaintiff on September 5, 2013.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692d.

   a. Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. Here, Defendant violated § 1692d of the FDCPA, when it repeatedly called Plaintiff seeking and demanding payment of a debt, despite knowing that Plaintiff did not have the financial means to pay the alleged debt, as well as hanging up on Plaintiff after he told them to stop calling, which the natural consequence of such behavior was to harass and abuse Plaintiff.

## COUNT II

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

    a. A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

    b. A debt collector violates §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

    c. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    d. Here, Defendant violated §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA by threatening to take legal action against Plaintiff, when it did not intend to take the threatened action.

## COUNT III

27. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

    a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including not acknowledging his requests to stop calling or to send him proof of the debt in writing, as well as his dispute of the debt and calling him to collect the debt despite knowing he did not have the means to pay the debt.

## COUNT IV

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

    a.    A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    b.    Here, Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt or providing him with the name of the original creditor and the amount of the debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DARRELL DICKEY, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DARRELL DICKEY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: August 6, 2014         KIMMEL & SILVERMAN, P.C.

By: __/s/ Craig Thor Kimmel_____
CRAIG THOR KIMMEL
PA Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com